United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MINOR *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDEX *et al.*,<br><br>    Defendants. | NO. C 09-1375 TEH<br><br>ORDER GRANTING MOTION TO STAY |

This matter came before the Court on July 6, 2009. Having carefully reviewed all written and oral arguments on Defendants' Motion to Stay all Further Proceedings as to Plaintiffs' Second Claim, the Motion is GRANTED for the following reasons.

Defendants ask the Court to stay all proceedings as to the Plaintiffs' Second Claim, which is brought for violation of California Labor Code § 226.7. Proper interpretation of this California statute is currently disputed, and the California Supreme Court has recently granted review of a case to determine the precise meaning of the statute. *See Brinker Rest. Corp. v. Superior Court*, 80 Cal. Rptr. 3d 781 (Cal. Ct. App. 2008), *petition for review granted*, 196 P.3d 216 (Cal. 2008).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Both parties

acknowledge the Court's discretion in considering this motion. When considering a motion to stay, the court weighs a series of competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

These factors weigh in favor of granting Defendants' Motion. Although Plaintiffs have argued that the facts of the case may stale during the duration of the stay, they also have argued that "the facts are the facts" and that they are unlikely to change. The Court interprets this as indication that the stay will not cause damage, especially in light of its brief estimated duration of less than a year. To the extent that both Plaintiffs and Defendants will be able to tailor discovery and avoid duplicative or unnecessary tasks, this causes a benefit, rather than damage, to accrue to both parties. As to the second factor, while going forward does not impose inequity, it certainly appears to be a hardship to conduct pointless discovery that may well be moot following a holding in *Brinker*. With regard to the third *Landis* factor, a clear legal standard following *Brinker* will enable the parties to conduct efficient discovery, which will simplify the issues and proof present in this matter. Thus, the *Landis* test militates toward granting Defendants' Motion.

Such a conclusion is consistent with that of other judges of the Northern District of California, who have recently concluded that a stay is warranted based on the pending ruling in *Brinker*. Judge Susan Illston has ordered a stay, finding that "the Supreme Court's decision in *Brinker* will significantly determine the course of this litigation" because "regardless of the outcome in *Brinker*, it is true that the parties will seek, and be willing to provide, different discovery depending on the Supreme Court's guidance in *Brinker*." *Gabriella v. Wells Fargo Fin., Inc.*, No. 06-4347, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009). "Once the Supreme Court resolves the legal standard governing meal and rest break claims, the parties will be able to engage in focused, efficient discovery." *Id.* In *Lew v. Countrywide Financial Corp.*, No. 08-1993, 2009 WL 1384975, at *4 (N.D. Cal. Feb. 24,

2009), Judge Samuel Conti ordered a stay of an entire wage and hour case prior to class certification based on the pending decision in *Brinker*. Holding that "[s]uch speculation [on the proper legal standard] is unnecessary given that the Supreme Court has taken up the precise question at issue and briefing has already begun," Judge Conti concluded that as the "outcome of *Brinker* will determine what facts Plaintiff must establish to support his case" and that "the benefits of proceeding with a definite legal standard will more than make up for the costs of delay." *Id.* at *2.

Furthermore, as this Court is bound by decisions of the state's highest court when interpreting issues of state law, *Arizona Electric Power Cooperative., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995), it makes little sense for litigation as to this claim to continue when such a definitive ruling will be forthcoming. Granting the stay that Defendants seek is an exercise of discretion consistent with that exercised by Judges Illston and Conti, and a reasonable way to administer this case. For the foregoing reasons, Plaintiffs' second claim shall be STAYED pending resolution of *Brinker* by the California Supreme Court.

**IT IS SO ORDERED.**

Dated: July 6, 2009

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT