IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY MINOR, *et al.*,

          Plaintiffs,

    v.

FEDEX OFFICE AND PRINT SERVICES, INC., *et al.*,

          Defendants.

NO. C09-1375 TEH

ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

This matter is before the Court on the motion for leave to file a First Amended Complaint filed by Plaintiffs Gary Minor and Banipal Shabaz (collectively, "Plaintiffs"). Defendant FedEx Office and Print Services, Inc. ("FedEx Office") opposes the motion. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the hearing scheduled for August 16, 2010.[1] For the reasons set forth below, Plaintiffs' motion is GRANTED.

**BACKGROUND**

Plaintiffs, non-exempt retail store employees of FedEx Office, filed a class action complaint against FedEx Office[2] in San Francisco Superior Court on February 25, 2009. FedEx Office removed the action to this Court pursuant to the Class Action Fairness Act on March 27, 2009.

---

[1] The case management conference also scheduled for August 16, 2010, at 10:00am, will remain on calendar.

[2] The complaint had also named Fedex Kinko's International, Inc., Federal Express Corporation, and Fedex Kinko's as Defendants. Those Defendants were dismissed without prejudice by stipulation on April 2, 2009.

Plaintiffs allege that FedEx Office denied them overtime wages, meal period wages, and work-related reimbursements, and failed to maintain accurate records, in violation of California labor law. The complaint asserts five causes of action: (1) for unpaid overtime wages, Cal. Lab. Code § 1194; (2) for failure to provide legally required meal breaks, Cal. Lab. Code § 226.7; (3) for failure to keep accurate records, Cal. Lab. Code § 226; (4) for failure to reimburse employees for work-related expenses, Cal. Lab. Code § 2802; and (5) for engaging in unfair business practices, Cal. Bus. & Prof. Code § 17200. Four classes of past and present FedEx Office retail store employees are proposed in the complaint, based on the denial of overtime, meal breaks, work-related expense reimbursements, and personal days.

On June 1, 2009, FedEx Office moved to stay proceedings as to the second cause of action, regarding meal breaks, pending the California Supreme Court's review of *Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25 (Cal. Ct. App. 2008), *petition for review granted*, 196 P.3d 216 (Cal. 2008). This Court granted the stay on July 6, 2009, based on the expectation that the California Supreme Court's ruling would "determine the precise meaning of" section 226.7 of the California Labor Code. Order Granting Mot. to Stay (Doc. 31) at 1. The California Supreme Court has yet to issue a decision in *Brinker*, and the stay remains in place.

Plaintiffs now move for leave to file a First Amended Complaint ("FAC"). The proposed FAC adds five causes of action and revises the class definitions. Two new claims, for breach of implied-in-fact and written contract, are based on FedEx Office's alleged violation of its policy of paying for meal breaks. The FAC also adds claims for wages owed and failure to pay minimum wages, arising from allegations that FedEx Office manually reduced Plaintiffs' hours in its timekeeping system, and failed to compensate them for work-related non-commute travel time. According to Plaintiffs' counsel, these claims are based on facts learned through discovery. Finally, Plaintiffs seek relief under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698, 2699, after

N/A

1 having satisfied the administrative exhaustion requirements.[3] Plaintiffs also propose to
2 amend the class definitions to make nine classes of California non-exempt FedEx Office
3 retail store employees: three overtime classes, three meal-break classes, one reimbursement
4 class,[4] one "cut-time" class, and one class of employees to whom FedEx Office provided
5 wage statements.

6 The parties met and conferred regarding a stipulation allowing amendment of the
7 complaint. Plaintiffs' counsel Kenneth H. Yoon attests that co-counsel contacted FedEx
8 Office on August 3, 2009, August 6, 2009, and November 25, 2009 to discuss the proposed
9 amendment. However, FedEx Office asserts that it has no record of any such
10 communications before December 8, 2009, when Plaintiffs sent a draft FAC to FedEx Office
11 in an email proposing that FedEx Office stipulate to its filing. FedEx Office responded on
12 January 19, 2010, with comments on the draft FAC. On May 21, 2010, four days after the
13 Court inquired about the status of the amended complaint at a case management conference,[5]
14 Plaintiffs emailed a response to FedEx Office's comments, attaching a revised FAC; they
15 sent another version of the FAC on June 25, 2010, redlining the changes made since the
16 original complaint. Although FedEx Office requested a redline showing edits made between
17 the May and June versions, Plaintiffs were unable to do so because they no longer had the
18 May version in a word processing file.

19 FedEx Office never stipulated to the filing of the FAC. Plaintiffs moved this Court for
20 leave to amend on July 2, 2010, and FedEx Office opposed the motion.

---

[3] On August 6, 2009, Plaintiffs filed notice with the California Labor and Workforce Development Agency, which issued a response on September 23, 2009, that it did not intend to investigate Plaintiffs' PAGA allegations. *See* Cal. Lab. Code § 2699.3.

[4] The reimbursement class definition is not limited to non-exempt employees.

[5] In the joint case management statement, Plaintiffs stated that they had decided to await the *Brinker* decision before seeking to amend, in an effort to file only one further amended complaint. However, they resumed the process of seeking a stipulation from FedEx Office based on their understanding that the California Supreme Court was unlikely to rule on *Brinker* until later in the year.

3

**LEGAL STANDARD**

After the time for amending a pleading as a matter of course has lapsed, a party "may amend" a complaint "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The policy of "favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted). Five factors are considered on motion for leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003). The factors are not all equal: prejudice is the "touchstone of the inquiry under rule 15(a)" and therefore "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is borne by the party opposing amendment. *DCD Programs*, 833 F.2d at 187. "[D]elay, by itself, is insufficient to justify denial of leave to amend." *Id.* at 186. "Futility alone can justify the denial of a motion for leave to amend." *Nunes*, 348 F.3d at 818.

**DISCUSSION**

Plaintiffs seek leave to amend the complaint to assert new claims based on facts that emerged during discovery, and to amend the class definition to define more precisely its scope. Plaintiffs have not previously amended the complaint, and they represent that the proposed amendments are not made in bad faith, a position that FedEx Office does not dispute. The Court's inquiry therefore focuses on the remaining three factors – undue delay, prejudice, and futility – which FedEx Office argues militate in favor of denying leave to amend.

FedEx Office contends that it will be prejudiced by Plaintiffs' undue delay in filing this motion. The amendments are based on discovery that had been completed by November or December of 2009, FedEx Office claims, and Plaintiffs have failed to justify the seven-month delay in filing this motion. However, the record demonstrates that Plaintiffs met and

4

conferred with FedEx Office from December 2009 through June 2010 in an effort to stipulate to the amendment. Plaintiffs first provided a draft of the FAC in December; FedEx Office furnished comments in January; Plaintiffs responded to those comments in May; and Plaintiffs made a final request for FedEx Office's stipulation in June. Given Plaintiffs' attempt to reach a stipulation, it would be unfair to characterize the seven-month gap as an "undue delay." Although the Court recognizes that four months passed before Plaintiffs responded to FedEx Office's comments, that delay alone is insufficient to counter the strong policy favoring amendment.[6]

As to prejudice, FedEx Office has been aware of the additional claims since December 2009, when Plaintiffs provided them a copy of the proposed FAC. FedEx Office claims it will be prejudiced by having to incur the time and expense of re-deposing both Plaintiffs, appearing at Plaintiffs' Rule 30(b)(6) deposition of FedEx Office, and re-reviewing documents. However, as Plaintiffs point out and FedEx Office acknowledges, Plaintiffs' depositions are already expected to resume for meal-time discovery once the *Brinker* stay is lifted; those sessions can be prolonged to allow inquiry into the new claims. Furthermore, the deposition of FedEx Office was to be broken into different sessions, only one of which – regarding policies and procedures – has already occurred. Finally, in light of the stay, discovery remains incomplete and the motion for class certification has yet to be scheduled. FedEx Office has failed to show prejudice sufficient to justify denying leave to amend.

FedEx Office also argues that amendment would be futile with respect to Plaintiffs' new unpaid overtime theory, which is based on its alleged failure to pay overtime to employees "who worked more than 8 hours in a work shift in which the shift straddled two workdays." Proposed FAC ¶ 30. A workday is "any consecutive 24-hour period beginning at the same time each calendar day," and overtime pay is required only when an employee is employed "more than eight (8) hours in any workday or more than 40 hours in any workweek." Cal. Wage Order 7-2001, §§ 2(P), 3(A)(1). FedEx Office contends there is no basis for requiring

---

[6] Furthermore, Plaintiffs represented to the Court that the delay had been based on their anticipation of the *Brinker* decision.

5

1  the payment of overtime where an employee works more than eight hours in one work shift
2  spanning *two* workdays if the employee did not exceed eight hours on either one of the
3  workdays.  However, Judge Armstrong of this district, recognizing this to be an issue of first
4  impression, concluded that "a *shift* of more than eight hours of consecutive work qualifies for
5  overtime pay." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 617
6  (N.D. Cal. 2007) (emphasis added).  Without weighing on the ultimate merits of this claim,
7  the Court disagrees with FedEx Office's assertion of futility.

8      As the factors all weigh in favor of allowing amendment, leave to file the FAC is
9  GRANTED.  FedEx Office further requests that the Court exercise its discretion to order
10  Plaintiffs to bear the cost caused by their delay.  *See General Signal Corp. v. MCI
11  Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) ("[A] district court, in its discretion,
12  may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to
13  compensate the opposing party for additional costs incurred because the original pleading
14  was faulty.").  As the Court did not conclude that there was any undue delay, an order
15  requiring Plaintiffs to bear costs would be inappropriate.

17  **CONCLUSION**

18      For the reasons set forth above, Plaintiffs' motion for leave to file an amended
19  complaint is GRANTED.  Plaintiffs shall file the FAC no later than **August 13, 2010**.  This
20  matter remains on calendar for case management conference on **Monday, August 16, 2010,**
21  **at 10:00am**.  The Court will consider written requests by the parties to appear telephonically
22  at the conference if such requests are filed by **August 11, 2010**.

24  **IT IS SO ORDERED.**

26  Dated: 8/6/10

    THELTON E. HENDERSON, JUDGE
27  UNITED STATES DISTRICT COURT

6