IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MINOR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX OFFICE AND PRINT SERVICES, INC., <br><br> Defendant. | NO. C09-1375 TEH <br><br> ORDER RE: HEARING ON MOTION FOR CLASS CERTIFICATION AND PRELIMINARY SETTLEMENT APPROVAL |

This matter is scheduled for hearing on Plaintiffs' unopposed motion for preliminary approval of class action settlement on December 3, 2012. Having reviewed Plaintiffs' submissions, the Court is concerned about several provisions of the proposed settlement. The Court therefore orders the parties to be prepared to address the following questions at the hearing:

1.  What justifies $25,000 incentive payments to the class representatives when the average class member would receive only a few hundred dollars under the proposed settlement?

2.  Why should absent class members be required to submit a claim form instead of being sent a check with a notice that cashing the check constitutes acceptance of the release and the other terms of the settlement? Isn't it relatively easy to locate the class members, many of whom still work for FedEx?

3.  Why should the Court approve a waiver of settlement rights that applies to absent class members who do not receive the claim form?

4.  Why is it reasonable for up to 55% of the Net Settlement Amount to revert to FedEx?

5.      If not all class members submit claims, wouldn't the payment to Plaintiffs' counsel be unreasonably disproportionate? For example, if only the minimum 45% of the Net Settlement Amount is paid out to class members, the attorneys would receive approximately 75% of the amount paid to the class.

6.      Given that Plaintiffs allege ongoing violations, should the Court approve a settlement that does not require any changes to FedEx's policies?

7.      Has FedEx complied with the notice requirements of 28 U.S.C. § 1715(b)?

**IT IS SO ORDERED.**

Dated: 11/20/2012

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT