IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY MINOR, et al.,

               Plaintiffs,

     v.

FEDEX OFFICE AND PRINT SERVICES, INC.

               Defendant.

NO. C09-1375 TEH

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On July 24, 2013 at 10:00 a.m., a hearing was held on Plaintiffs' Motion for Final Approval of Class Action Settlement and their Motion for Approval of Attorneys' Fees, Costs, and Class Representatives' Enhancement Payment.[1] The Court has considered all papers filed and proceedings conducted in this case, including the November 5, 2012, Settlement Agreement, which this Court preliminarily approved in its February 8, 2013 Order (the "Preliminary Approval Order"). The Court finds the settlement of this litigation to be fair, reasonable and adequate, and GRANTS final approval. The Court makes a reduced award of attorneys' fees and enhancement payments for the reasons set forth below.

**BACKGROUND**[2]

On February 8, 2013, this Court granted preliminary approval of the class action settlement in this case. In so doing, the Court expressed reservations about the settlement terms and directed Class Counsel to provide specific documentation in support of Plaintiffs'

---

[1] Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms as set forth in the Settlement Agreement.

[2] The Court laid out the prior background of this case and the terms of the settlement in its February 8, 2013 Preliminary Approval Order and does not repeat this information here.

final approval motion. The Court's concerns focused on the appearance of collusion created by the fact that the settlement provided for a claims-made process with unclaimed funds reverting to FedEx, a "clear sailing" provision that FedEx would not oppose an attorney fee award of up to 25% of the Gross Settlement Amount (which included the funds to revert to FedEx), and requests for Enhancement Payments for Class Representatives that appeared out of proportion to the payments to the rest of the class.

Pursuant to the Preliminary Approval Order, a Notice of Class Action Settlement was mailed to each Class Member, informing Class Members of the terms of the Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure for filing a claim, their right to object to the Settlement Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement Agreement. In response to the notice, 5,147 Class Members, or 44% of the Class of 11,669, submitted timely and valid Claim Forms. Morales Dec. (Docket No. 124-5, p. 3-4.) Only seven Class Members submitted requests for exclusion. *Id*. No timely written objections to the Settlement were filed, but Class Representative Gary Minor appeared at the July 24, 2013, hearing in this matter and stated his objections to the settlement.

**DISCUSSION**

As indicated at the hearing, the Court now approves this settlement but modifies the payments to class counsel and named plaintiffs. In so doing, it finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action, all Class Members (including Class Representatives), and Defendant.

2. The notice procedure in this case afforded adequate protections to Class Members and enabled the Court to make an informed decision about the Settlement based on the response of the Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement, was the best notice practicable, and satisfies the requirements of law and due process.

2

1    3. The response of the Class to the Settlement Agreement supports settlement
2 approval. The objection voiced by Minor at the July 24, 2013, hearing does not undermine
3 the Court's assessment of the fairness, reasonableness, or adequacy of the settlement
4 agreement as a whole. No other objections have been received.

5    4. Pursuant to Rule 23(e), the terms of the Settlement Agreement are fair, reasonable,
6 and adequate to the Class and to each Class Member. The Settlement, while not the best
7 possible outcome for the Class, is rationally related to the strength of Plaintiffs' claims, given
8 the risk, expense, and complexity of further litigation. The Settlement Agreement appears to
9 be the result of good-faith, arm's-length negotiations, after adequate factual and legal
10 investigation. The Settlement Agreement does not appear to be the product of fraud or
11 overreaching by, or collusion between, the negotiating parties.

12    5. For the foregoing reasons, the Court GRANTS final approval of the Settlement
13 Agreement and orders the parties to implement, and comply with, its terms.

14    6. The Court approves the distribution of settlement funds to Qualified Claimants in
15 accordance with the terms of the Settlement Agreement.

16    7. The Court awards payment of attorneys' fees in the amount of $1,600,000 to Class
17 Counsel. Whereas Class Counsel requested $2,406,450 in fees – calculated as 25% of the
18 Gross Settlement Amount and supported by a lodestar crosscheck of $2,526,992.50 – the
19 Court reduces this figure in the exercise of its discretion. This requires some explanation.

20    The Ninth Circuit has held that:

> While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.

*In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003)). In awarding attorneys' fees, the "fundamental focus is the result actually achieved for class members." Fed. R. Civ. P. 23(h) advisory committee note. "That approach is premised on finding a tangible benefit actually obtained by the class members."

3

Manual for Complex Litig. § 21.71 (5th ed. 2012). "Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process." Fed. R. Civ. P. 23(h) advisory committee note.

Class Counsel submitted, at the Court's direction, the data analysis performed by their expert and an explanation of how they extrapolated from the analysis to estimate the amount of damages in this case. Counsel estimated the damages in this case to be $31,500,000.00. However, the Claimed Amount that will be paid out to Class Members is $4,187,937.77, or approximately 13% of the estimated damages incurred. In light of the relatively poor overall benefit to the class, the barely adequate job Class Counsel have done in presenting the settlement to the Court, as evidenced by the record in this case, and the early stage of the litigation at which this case settled, the Court finds that $2.4 million fee request is neither "reasonable" within the meaning and mandate of Rule 23(h), nor warranted in this case. Instead, the Court finds that a reduced fee award in the amount of $1,600,000 is adequate, reasonable and appropriate.

8. The Court approves costs in the amount of $111,964.77 to Class Counsel.

9. The Court approves payment of Class Representatives' Enhancement Payments to Banipal Shabaz, Narek Eloyan, Shehan Bederian and Michael Macias in the adjusted amount of $15,000.01 per person, in recognition of their efforts on behalf of the Class, the risks they took upon themselves in prosecuting this action, and in consideration of their General Release of claims. The Court approves payment of $5,000.00 to Gary Minor, in recognition of his efforts on behalf of the Class, the risks he took upon himself in prosecuting this action, and his limited release of claims. The Court finds that these payments are reasonable. *Cf. McKezie v. FedEx Corp.*, C10-2420, 2012 WL 2930201, at *11 (C.D. Cal. July 2, 2012) (approving enhancement payment of $5,000 in wage and hour class action). Again, because the Court departs from the amounts requested, it explains as follows.

Payments to non-named Class Members in this case averaged $821. In comparison, Counsel requests $25,000 in payments to the named representatives who executed the full release. Such an enhancement payment is vastly out of proportion to the payments received by the rest of the class. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1161, 1165 (9th Cir. 2013) (overturning conditional incentive awards which "significantly exceeded in amount what absent class members could expect to get upon settlement approval"). To approve such grossly disproportionate payments would risk corrupting the settlement and set a precedent that would encourage class representatives in future cases to prioritize their own financial interests over the interests of the class as a whole. *See id.*; *Staton*, 327 F.3d at 976-77. Accordingly, the Court reduces the payments to $15,000.01 for those who signed the Full Released Claims, *see* Settlement Agreement § 6.12.2, and $5,000 for Minor, who signed the Limited Released Claims.

10. The Court approves payment of fees to the Claims Administrator, CPT Group, Inc. For Settlement Administration costs in the amount of $80,000 in accordance with the terms of the Settlement Agreement.

11. The Court Approves the PAGA Payment, of which $72,000.00 shall be paid to the California Labor Workforce and Development Agency ("LWDA") and $24,000.00 will be distributed to Class Members for settlement of civil penalties claimed pursuant to the Private Attorney General Act.

12. Nothing in this Final Approval Order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this Order.

13. By operation of entry of this Final Approval Order and pursuant to the Settlement Agreement, all Class Members who have not timely opted out shall have waived and released all Released Claims against Defendant in accordance with the terms of the Settlement Agreement.

14. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over: (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement fund, the Class Representatives' Enhancement Payments, Settlement Administration Costs, PAGA Payment, and the attorneys' fees and costs amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of claims by Class Members.

15. This Final Approval Order constitutes a final judgment in this action; the matter is dismissed in its entirety with prejudice. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: 7/30/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT